**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**
**By:**   Benjamin R. Picker, Esquire            *Attorneys for Plaintiff*
             Attorney I.D. No. 93089              *Pretzel Works, Inc.*
910 Harvest Drive, Suite 200
P.O. Box 3037
Blue Bell, PA  19422-0765
610-941-2533
bpicker@kaplaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRETZELWORKS, INC. and<br>MICHAEL NASELSKY<br>5331 Oxford Avenue<br>Philadelphia, PA 19124, | : <br> : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | |
| v. | : <br> : | No. _____ |
| PRETZEL WORKZ LIMITED LIABILITY<br>COMPANY and SHAKIRA GRAY<br>1250 Pointe Breeze Avenue<br>Philadelphia, PA 19146, | : <br> : <br> : <br> : <br> : | CIVIL ACTION – LAW |
| Defendants. | : | |

## COMPLAINT

Plaintiffs, Pretzel Works, Inc. ("PWINC") and Michael Naselsky ("Mr. Naselsky") (collectively, "Plaintiffs"), by their attorneys Kaplin Stewart Meloff Reiter & Stein, P.C., hereby bring this civil action against Defendants, Pretzel Workz Limited Liability Company ("PWLLC") and Shakira Gray ("Ms. Gray") (collectively, "Defendants"), based upon the following:

## PARTIES, JURISDICTION, AND VENUE

1. PWINC is a business corporation organized pursuant to the laws of the Commonwealth of Pennsylvania with its principal place of business located in Philadelphia, Pennsylvania.

2. Mr. Naselsky is an owner and officer of PWINC and resides in Montgomery County, Pennsylvania.

3. PWLLC is a limited liability company organized pursuant to the laws of the Commonwealth of Pennsylvania with its principal place of business located at 1250 Pointe Breeze Avenue, Philadelphia, Pennsylvania 19146. It is believed and therefore averred that Ms. Gray is the sole member, owner and officer of PWLLC

4. Ms. Gray is an adult individual who maintains a place of business located at 1250 Pointe Breeze Avenue, Philadelphia, Pennsylvania 19146.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically 15 U.S.C. §§ 1116(a), 1117(a), and 1125(a), and pursuant to 15 U.S.C. § 1121(a) because this action arises out of Chapter 22 of Title 15 of the United States Code. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District, Defendants are located in this District or, otherwise, pursuant to 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over Defendants.

## FACTS

7. PWINC is a manufacturer, wholesaler, retailer, and distributor of soft pretzels and bagels.

8. PWINC's retail business consists of selling finished pretzels to the general public, both via orders and walk-ins, from its business location.

9. PWINC was originally founded in 1960. As such, it is the oldest existing soft pretzel manufacturer in Philadelphia.

10. On July 16, 1998, the business structure of PWINC was changed to an S-Corporation and the name was changed to Pretzelworks, Inc.

11. PWINC has a website, www.pretzelworks.com.

12. Upon information and belief, PWLLC was formed on March 22, 2018.

13. PWLLC makes food using soft pretzels and sells it to the general public.

14. PWLLC's business name, "Pretzel Workz" is deceptively similar to Plaintiff's business name "Pretzelworks."

15. PWLLC publicizes its name "Pretzel Workz" on its website (www.pretzelworkz.com), on Instagram (@pretzelworkz), on Facebook (Pretzelworkz), and elsewhere.

16. When searching for "Pretzelworks" on Google's search engine, PWINC's website (www.pretzelworks.com) is the first listed website but PWLLC's website is the second-listed website.

17. When searching for "pretzel works" on Google's search engine, PWLLC's website is the first two listed websites.

18. The business locations of PWINC and PWLLC are both located in Philadelphia and are less than seven miles apart.

19. On three occasions this year, on February 20, 2023, March 20, 2023, and April 17, 2023, trucking companies scheduled to pick up goods from PWINC instead went to PWLLC's business location.

20. On two occasions this year, on June 5, 2023, and July 11, 2023, potential customers contacted PWLLC in an attempt to contact PWINC.

21. PWINC believes and therefore avers that it has lost potential business as a result of customer confusion arising from PWLLC's use of a deceptively similar business name in commerce, including on the Internet and social media.

22. By cease and desist letter dated July 31, 2023 (the "Cease and Desist Letter"), a true and correct copy of which is attached hereto as **Exhibit "A,"** which was sent to Defendants by both certified mail and first class mail, counsel for Plaintiff advised Defendants as follows:

> This firm represents Pretzelworks, Inc. ('Pretzelworks"), a manufacturer and wholesaler of soft pretzels based in Philadelphia. My client has been in business since 1960 and has been utilizing the name "Pretzelworks" in commerce in Pennsylvania and New Jersey since 1998. Thus, my client owns the common law trademark for "Pretzelworks" in Pennsylvania and New Jersey.
>
> The use in commerce by your company, Pretzel Workz Limited Liability Company, of the name "Pretzel Workz" has recently come to my client's attention. It is my understanding that Pretzel Workz creates food items utilizing pretzels and that it was formed in 2018, long after my client began using the name "Pretzelworks."
>
> Your use in commerce of the name "Pretzel Workz," which is very similar to my client's name "Pretzelworks" has been causing confusion in the marketplace. For instance, on three occasions this year, trucking companies scheduled to pick up product from my client have accidentally gone to Pretzel Workz location instead. Moreover, during the past two months, two potential customers have

> contacted your company believing they were contacting Pretzelworks.
>
> As a result of the foregoing, my client hereby demands that you cease using the name "Pretzel Workz" for all business purposes and in all mediums within thirty (30) days of the date of this letter, and that you confirm in writing that you have done so.
>
> Should you fail to comply with this demand, my client will have no choice but to take legal action against you and your company for violation of the federal Lanham Act, as well as for unfair competition and tortious interference with prospective contractual relations. In any such action, my client will seek injunctive relief, appropriate monetary damages including the possibility of treble damages, and reasonable attorney's fees. Please be guided accordingly and I look forward to receiving your response.

23. Defendants did not respond to the Cease and Desist Letter.

24. On August 31, 2023, Mr. Naselsky, while based in Pennsylvania, called and spoke to Ms. Gray while she was at PWLLC's business location in Pennsylvania (the "Conversation"). During the Conversation, Mr. Naselsky mentioned the Cease and Desist Letter and advised Ms. Gray that Defendants' use of the name "Pretzel Workz" was causing confusion. In response, during the Conversation, Ms. Gray denied having received the Cease and Desist Letter, stated that she did not care about any such confusion, advised Mr. Naselsky that she had recorded the conversation, and then hung up the phone.

25. On August 31, 2023, after the Conversation, counsel for Plaintiff wrote an e-mail (the "E-mail") to Defendants at pretzelworkz@gmail.com (the e-mail address listed on PWLLC's social media pages), a true and correct copy of which is attached hereto as **Exhibit "B,"** stating as follows:

> Ms. Gray,
>
> During a call with my client earlier today, you advised him that you never received my letter dated July 31, 2023. It was sent to you by both first class and certified mail. Another copy is attached.
>
> In addition, during the aforementioned call with my client, you told my client that you didn't care about the confusion in the marketplace as a result of your use of the name "Pretzel Workz," you then hung up on my client after advising him that you had recorded the conversation. If any of the foregoing is incorrect, please advise me by 5pm tomorrow.
>
> Should you fail to cease using the name "Pretzel Workz" or any other name that is deceptively similar to my client's business name "Pretzel Works," we will proceed with filing a federal lawsuit against you and your company. Please provide proof that you have ceased using such name by no later than September 8, 2023 at 5pm. Your failure to do so will be construed as willful non-compliance for which we will seek triple damages, attorney's fees, and disgorgement of profits. No further extensions will be provided.
>
> Please be guided accordingly.

26. Defendants did not respond to the E-mail.

### COUNT I – VIOLATION OF 15 U.S.C. § 1125(a)

27. The foregoing paragraphs are incorporated herein by reference as if set forth in full.

28. PWLLC's use of a confusingly similar business name to PWINC's business name has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression PWLLC and PWINC are one in the same, that PWINC's goods are manufactured and provided by PWLLC, or vice versa, and that PWINC's goods are affiliated, connected, or associated with PWLLC.

29. PWLLC's use of a deceptively similar business name will continue to cause a likelihood of confusion and deception of PWINC's customers, prospective customers, and members of the public.

30. Therefore, PWLLC's conduct violates 15 U.S.C. § 1125(a).

31. Therefore, pursuant to 15 U.S.C. §§ 1116 and 1117(a), PWINC is entitled to and seeks appropriate injunctive relief requiring Defendant to cease using in commerce the name "Pretzel Workz" (or other name deceptively similar to PWINC's name), disgorgement of PWLLC's profits, triple the actual damages incurred by PWINC, and the costs of the action.

32. Because PWLLC's conduct is willful, PWINC requests an award of reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

33. Ms. Gray is personally liable for the conduct of PWLLC because she personally approved the use of the name "Pretzel Workz" and made the decision to continue to use such name in commerce even after receiving the Cease and Desist Letter.

WHEREFORE, PWINC demands judgment in its favor and against Defendants, jointly and severally, for appropriate actual damages, trebled, plus disgorgement of profits, in an amount believed not to exceed $150,000.00, appropriate declaratory and injunctive relief, and an award of reasonable attorney's fees.

## COUNT II – COMMON LAW UNFAIR COMPETITION

34. The foregoing paragraphs are incorporated herein by reference as if set forth in full.

35. PWINC's reputation in the pretzel food industry has been established for many decades.

36. PWINC has the exclusive right to use the name "Pretzel Works" or any other confusingly similar name (such as "Pretzel Workz") in Pennsylvania.

37. PWLCC's use of the name "Pretzel Workz" is confusingly similar to PWINC's name "Pretzel Works."

38. PWLCC's use of the name "Pretzel Workz" in commerce in Pennsylvania is likely to cause confusion in PWINC's competitive area.

39. PWLCC's use of the name "Pretzel Workz" in commerce unnecessarily creates and/or increases confusion between PWINC's goods and business and that of Defendants.

40. PWLCC's aforementioned acts have, in fact, misled and/or confused customers and potential customers of PWINC as to the identity, source, or origination of its goods.

41. Ms. Gray has personally participated in and is the driving force behind the foregoing tortious conduct such that she may be held personally liable.

42. Defendants' conduct is willful and egregious such that PWINC is entitled to punitive damages.

WHEREFORE, PWINC demands judgment in its favor and against Defendants, jointly and severally, for appropriate damages to be determined at trial believed to not exceed $150,000.00, and appropriate declaratory and injunctive relief.

## COUNT III – VIOLATION OF PENNSYLVANIA WIRETAP AND ELECTRONIC SURVEILLANCE CONTROL ACT

43. The foregoing paragraphs are incorporated herein by reference as if set forth in full.

44. As explained hereinabove, on August 31, 2023, Ms. Gray, individually and acting in her capacity as owner and officer of PWLLC, admitted that she surreptitiously audio recorded, and therefore intercepted, a telephone call from Mr. Naselsky, while both parties were located in Pennsylvania.

45. At the time of such call and recording, Mr. Naselsky was acting as an owner, officer and agent of PWINC.

46. Plaintiffs had an expectation that Mr. Naselsky's voice would not be intercepted and recorded, under circumstances justifying such expectation given that the interception and recording occurred via telephone and without Plaintiffs' knowledge or consent.

47. Defendants violated 18 Pa.C.S. § 5725(a) by intercepting, disclosing and using the Recordings. That section states:

> Cause of action.--Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication; and shall be entitled to recover from any such person:
>
> (1) Actual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation, or $1,000, whichever is higher.
>
> (2) Punitive damages.
>
> (3) A reasonable attorney's fee and other litigation costs reasonably incurred.

48. 18 Pa.C.S. § 5702 defines "Person" as "any individual, partnership, association, joint stock company, trust or corporation." Therefore, both Plaintiffs have standing to bring this action and both Defendants are liable for such recording and interception.

49. As a result of Defendant's actions, Plaintiffs have suffered actual damages.

50. Defendant's actions were illegal (they constitute a felony of the third degree under 18 Pa.C.S. § 5703), willful, wanton, and malicious, such that the imposition punitive damages are warranted.

51. Based upon 18 Pa.C.S. § 5725(a), Plaintiffs are entitled to recover from Defendants the greater of actual damages or liquidated damages of $1,000, punitive damages, and reasonable attorney's fees and litigation costs.

WHEREFORE, Plaintiffs demands judgment in their favor and against Defendants, jointly and severally, in the form of liquidated damages of $1,000, plus punitive damages, reasonable attorney's fees, and litigation costs.

                              **KAPLIN STEWART MELOFF REITER & STEIN, PC**

Date: September 12, 2023    By: _____
                                        Benjamin R. Picker, Esq.
                                        *Attorney for Plaintiffs*

EXHIBIT A



**Kaplin Stewart**
*Attorneys at Law*
Benjamin R. Picker, Esquire
Direct Dial: (610) 941-2533
Direct Fax: (610) 684-2032
bpicker@kaplaw.com
www.kaplaw.com

July 31, 2023

*VIA CERTIFIED MAIL AND U.S. FIRST CLASS MAIL*

Ms. Shakira Gray
Pretzel Workz Limited Liability Company
1250 Pointe Breeze Avenue
Philadelphia, PA 19146

Ms. Shakira Gray
Pretzel Workz Limited Liability Company
1810 Pointe Breeze Avenue
Philadelphia, PA 19145

**Re: Trademark violation – Pretzelworks, Inc. v. Pretzel Workz Limited Liability Company**

Dear Ms. Gray,

This firm represents Pretzelworks, Inc. ('Pretzelworks"), a manufacturer and wholesaler of soft pretzels based in Philadelphia. My client has been in business since 1960 and has been utilizing the name "Pretzelworks" in commerce in Pennsylvania and New Jersey since 1998. Thus, my client owns the common law trademark for "Pretzelworks" in Pennsylvania and New Jersey.

The use in commerce by your company, Pretzel Workz Limited Liability Company ("Pretzel Workz"), of the name "Pretzel Workz" has recently come to my client's attention. It is my understanding that Pretzel Workz creates food items utilizing pretzels and that it was formed in 2018, long after my client began using the name "Pretzelworks."

Your use in commerce of the name "Pretzel Workz," which is very similar to my client's name "Pretzelworks" has been causing confusion in the marketplace. For instance, on three occasions this year, trucking companies scheduled to pick up product from my client have accidentally gone to Pretzel Workz location instead. Moreover, during the past two months, two potential customers have contacted Pretzelworkz believing they were contacting Pretzelworks.

As a result of the foregoing, my client hereby demands that you cease using the name "Pretzelworkz" for all business purposes and in all mediums within thirty (30) days of the date of this letter, and that you confirm in writing that you have done so.

Kaplin Stewart
Union Meeting Corporate Center
910 Harvest Drive, P.O. Box 3037
Blue Bell, PA 19422-0765
610-260-6000 tel

Offices in
Pennsylvania
New Jersey

Ms. Shakira Gray
Pretzel Workz Limited Liability Company
July 31, 2023
Page 2

    Should you fail to comply with this demand, my client will have no choice but to take legal action against you and your company for violation of the federal Lanham Act, as well as for unfair competition and tortious interference with prospective contractual relations. In any such action, my client will seek injunctive relief, appropriate monetary damages including the possibility of treble damages, and reasonable attorney's fees. Please be guided accordingly and I look forward to receiving your response.

Sincerely,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

*[signature]*

**By:**    Benjamin R. Picker, Esquire

BRP:jml

**EXHIBIT B**

## Benjamin R. Picker

**From:** Benjamin R. Picker
**Sent:** Thursday, August 31, 2023 3:35 PM
**To:** pretzelworkz@gmail.com
**Subject:** Cease and Desist letter
**Attachments:** Letter to Mrs. Shakira Gray.pdf

Ms. Gray,

During a call with my client earlier today, you advised him that you never received my letter dated July 31, 2023. It was sent to you by both first class and certified mail. Another copy is attached.

In addition, during the aforementioned call with my client, you told my client that you didn't care about the confusion in the marketplace as a result of your use of the name "Pretzel Workz," you then hung up on my client after advising him that you had recorded the conversation. If any of the foregoing is incorrect, please advise me by 5pm tomorrow.

Should you fail to cease using the name "Pretzel Workz" or any other name that is deceptively similar to my client's business name "Pretzel Works," we will proceed with filing a federal lawsuit against you and your company. Please provide proof that you have ceased using such name by no later than September 8, 2023 at 5pm. Your failure to do so will be construed as willful non-compliance for which we will seek triple damages, attorney's fees, and disgorgement of profits. No further extensions will be provided.

Please be guided accordingly.

**Benjamin R. Picker, Esquire**
Kaplin Stewart
Union Meeting Corporate Center
910 Harvest Drive, Suite 200
P. O. Box 3037
Blue Bell, PA 19422
Phone: (610) 941-2533
Fax: (610) 684-2013
E-mail: bpicker@kaplaw.com

1